J-S32010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY MIEGLITZ, | |
| Appellant | No. 1208 WDA 2014 |

Appeal from the Judgment of Sentence June 16, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0016121-2012

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 19, 2015**

Appellant, Anthony Mieglitz, appeals from the judgment of sentence entered on June 16, 2014, in the Allegheny County Court of Common Pleas. We affirm.

The record reflects that on September 5, 2012, the victim in this matter, Mr. Jason Kish, was making a food delivery to UPMC-Magee Hospital in Pittsburgh.  N.T., Plea Hearing, 2/18/14, at 7.  After making his delivery, Mr. Kish returned to his car and saw Appellant taking items from inside the victim's vehicle.  *Id*.  Mr. Kish confronted Appellant, and the two men engaged in a "scuffle."  *Id*.  A second individual came up behind Mr. Kish and hit him on the head. *Id*.  When Mr. Kish regained his bearings after being struck, Appellant had fled.  *Id*.  Mr. Kish then went to his vehicle and discovered that his cell phone, money, and a firearm had been stolen from

his vehicle.  ***Id***.  Mr. Kish later identified Appellant after seeing his face on a news report, and he reported to police that Appellant was one of the individuals who had stolen items from his car and assaulted him.  ***Id***. at 8.

Appellant was subsequently arrested, and on February 18, 2014, he entered a plea of *nolo contendere* to one count each of robbery, theft by unlawful taking, theft from a motor vehicle, simple assault, and two counts of receiving stolen property.  On June 16, 2014, the trial court sentenced Appellant to a term of two to four years of incarceration, followed by six years of probation on the robbery conviction, and ordered him to pay restitution.  Appellant received credit for one hundred and twenty-five days of time already served, and no further penalty was imposed on the remaining charges.

On June 24, 2014, Appellant filed a timely post-sentence motion in which he asked the sentencing court to reconsider his sentence.  The sentencing court denied Appellant's post-sentence motion, and on July 25, 2014, Appellant filed a timely notice of appeal.

In this appeal, Appellant argues that the sentencing court abused its discretion by failing to consider all relevant factors when imposing Appellant's sentence.  Specifically, Appellant claims that the sentencing court failed to consider his rehabilitative needs, his nature and character, and focused solely on the serious nature of the underlying offense.  Appellant's Brief at 10-11.

Appellant's claim challenges the discretionary aspects of his sentence, and it is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, the appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).[1]

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from

---

[1] "A defendant who has pled guilty may challenge the discretionary aspects of his sentence as long as the defendant did not agree to a negotiated sentence as part of a plea agreement." *Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000). We recognize that Appellant pled *nolo contendere* rather than guilty; however, "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Kepner*, 34 A.3d 162, 166 n.6 (Pa. Super. 2011) (internal citations and quotations omitted). Because there was no agreement as to Appellant's sentence in this case, Appellant's challenge to the discretionary aspects of his sentence is permitted and properly before our Court.

is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

Herein, the first three requirements of the four-part test are met; Appellant brought an appropriate appeal, raised the challenge in his post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we must next determine whether Appellant has raised a substantial question requiring us to review the discretionary aspects of his sentence.

As noted, Appellant avers that the sentencing court failed to properly consider certain factors and focused solely on the serious nature of the underlying offense. Appellant's Brief at 10-11. "An averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) (citation omitted). Therefore, we will review the merits of Appellant's discretionary sentencing challenge.

> Our standard of review in appeals of sentencing is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

The sentencing judge has broad discretion in determining a reasonable penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957,

961 (Pa. 2007) (quotations and citations omitted).[2]  When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).  As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002).  In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id*.

_____

[2] The *Walls* Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:

> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:

>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.

>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.

>> (3) The findings upon which the sentence was based.

>> (4) The guidelines promulgated by the commission.

> 42 Pa.C.S. § 9781(d).

*Walls*, 926 A.2d at 963.

In the instant case, the sentencing court addressed Appellant's challenge to the discretionary aspects of his sentence as follows:

[Appellant's] claims are wholly without merit. The [minimum] sentence that was imposed, 24 months, was below the middle of the standard range, which was 27 months. The Court also did not impose sentence on any of the other counts. The Court had the benefit of the presentence report which documented the factors that [Appellant] contends the Court did not consider. Moreover, at the sentencing hearing, those matters were brought to the Court's attention and were considered in fashioning the sentence imposed. Defense counsel requested that the Court consider a mitigated range sentence, arguing that it was warranted because: "... my client pled guilty and.... took accountability in this particular matter..."; "He's been on house arrest ever since he entered the plea in February..."; "...He's worked..."; "...he has six children that he's providing for..."; and "...he has $1,000.00 of the restitution." (N.T. 6/16/14; p. 3). He also pointed out that [Appellant] "...has a number of physical problems that plague him on a regular basis in terms of medication he has to take." (N.T. 6/16/14; p. 4). The Pre-sentence report also addressed these matters.

The Court specifically stated, prior to imposing sentence, that it had "...the benefit of the presentence report." (N.T. 6/16/14; p.2). It also noted that the sentence it was imposing was mitigated because [Appellant] accepted responsibility by entering a plea. When a sentencing court states on the record that it has reviewed the presentence report, "... It has met the requirement that it place on the record its reasons for the sentence imposed." Commonwealth v. Boyer, 856 A.2d 149 (Pa. Super. 2004). "A Court is presumed to have imposed a sentence based on the contents of the report." Id. This Court did consider all of the facts contained in the Pre-Sentence Investigation, all of the facts presented at the hearing and the facts of the underlying offenses and the effect [Appellant's] crimes had on the victims in imposing the sentence it imposed.

Sentencing Court Opinion, 12/30/14, at 3-4.

After review, we conclude that the sentencing court considered all relevant factors in fashioning Appellant's sentence. "Where the sentencing

judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Bricker**, 41 A.3d at 877 n.9 (quoting **Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004)).

Here, we have had the opportunity to review Appellant's presentence investigative report. We conclude that the findings provided in the report properly informed the sentencing court of Appellant's nature, character, and background, and the report amply supports the sentence. The report thoroughly discusses Appellant's family, home life, and criminal background. It is a comprehensive analysis of who Appellant is and the decisions he makes. Despite Appellant's claim that the sentencing court made only "a mere passing comment"[3] on the presentence investigative report, we have no reason to doubt the sentencing court's stated reliance on the report as support for its basis and rationale for the sentence imposed. Moreover, and contrary to Appellant's claims, there is no support in the record for his accusation that the sentencing court focused solely on the seriousness of the crimes Appellant committed. While Appellant alleges no less than six times that the sentencing court focused on the serious nature of the crime,[4] he

_____

[3] Appellant's Brief at 20.

[4] Appellant's Brief at 17-21.

fails to support his claim that the sentencing court limited its considerations to this lone issue.

Accordingly, it is our determination that there was no abuse of discretion on the part of the sentencing court. The sentencing court considered the relevant factors, chose a standard-range sentence, and declined to impose any further penalty on the balance of Appellant's charges. Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015