J-S03022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM SCHRODER | |
| Appellant | No. 810 WDA 2016 |

Appeal from the Judgment of Sentence dated April 29, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002403-2015
CP-25-CR-0003152-2015

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED MARCH 02, 2017**

Appellant, Adam Schroder, appeals from the aggregate judgment of sentence of 1-12 months' confinement followed by 4 years' probation, which was imposed after he pleaded guilty to use/possession of drug paraphernalia at Docket No. CP-25-CR-0002403-2015 and to theft by unlawful taking – movable property at Docket No. CP-25-CR-0003152-2015.[1]  With this appeal, appellate counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(32) and 18 Pa.C.S. § 3921(a), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

On July 18, 2015, Appellant had "a multicolored glass smoking pipe for the purpose of ingesting a controlled substance" – specifically, marijuana – in his possession while in "the Borough of North East, Erie County." N.T., 3/8/16, at 9-10.

On September 4, 2015, Appellant "took a laptop, a PlayStation and several games having a total value of $600" and "a wooden peace sign necklace and a pair of sunglasses having a value of $25" from a home also in the Borough of North East; Appellant had "the intention of depriving the owner or owners of that property." N.T., 3/8/16, at 10.

On March 8, 2016, Appellant pleaded guilty to the above charges. On April 29, 2016, the trial court sentenced Appellant to 1-12 months' confinement followed by 3 years' probation at Docket No. 3152-2015 and to 1 year of probation at Docket No. 2403-2015, to be served consecutively. N.T., 4/29/16, at 9-10. The trial court explained its reasoning for imposing this sentence on the record, as follows:

> [The trial court has] read the presentence report. [It has] read the Sentencing Guidelines. [It has] listened to the evidence presented here today, and do[es] take into account [Appellant's] age.[3] [Appellant] graduated from high school, and that [Appellant] accept[s] responsibility by way of a plea. Although it was a favorable plea. But, nonetheless, [Appellant has] pled to the theft charge.[4]

_____

[3] Appellant was 19 years old at sentencing.

[4] Appellant also pleaded guilty to the drug paraphernalia charge.

- 2 -

*Id.* at 9.

On May 5, 2016, Appellant filed a motion for post-sentence relief, which was denied by order the next day. On June 1, 2016, Appellant filed this timely direct appeal.

On October 27, 2016, appellate counsel filed an *Anders* Brief, in which she presented the following issue:

> Whether the [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

*Anders* Brief at 3. On the same day, appellate counsel sent a letter to Appellant, informing him that she intended to file a petition for leave to withdraw, and she filed her petition to withdraw. Appellant has not filed a *pro se* response to that petition. On November 28, 2016, the Commonwealth sent a letter to this Court stating that it did not intend to file a responsive brief.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An *Anders* brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client.

> Counsel must also provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks, citation, and brackets omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we observe that appellate counsel's October 27, 2016 correspondence to Appellant provided a copy of the **Anders** Brief to

Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, appellate counsel's **Anders** Brief, at 4, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellate counsel additionally advances relevant portions of the record that arguably support Appellant's claims on appeal. **Id.** at 8. Ultimately, appellate counsel cites her reasons and conclusion that Appellant's "case presents no non-frivolous issues for review." **Id.** at 9. Counsel's **Anders** brief and procedures therefore comply with the requirements of **Santiago** and **Orellana**. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

We recognize that "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), **appeal denied**, 87 A.3d 319 (Pa. 2014). "A defendant," however, "who has pled guilty may challenge the discretionary aspects of his sentence as long as the defendant did not agree to a negotiated sentence as part of a plea agreement." **Commonwealth v. Johnson**, 758 A.2d 1214, 1216 (Pa. Super. 2000) (citation omitted). Appellant has not challenged the validity of his guilty pleas.

Appellant challenges only a discretionary aspect of his sentence — its length. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Glass*, 50 A.3d 720, 726 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 774 (Pa. 2013). Instead, this Court has set forth an analytical framework under which we determine whether we may exercise our discretion to hear such an appeal:

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (brackets and citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015). The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Glass*, 50 A.3d at 727.

In the current case, Appellant filed a timely notice of appeal and properly preserved this issue in his post-sentence motion. Additionally, the *Anders* brief contains a concise statement of the reasons for which he seeks allowance of an appeal, in compliance with Rule 2119(f) of the Rules of Appellate Procedure. *See Anders* Brief at 4-6. The Rule 2119(f) statement sets forth the claim that the sentencing court sentenced within the

guidelines but failed to consider the factors set forth in Section 9721(b) of the Sentencing Code. Section 9721(b) requires the sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Appellant's argument therefore raises a substantial question. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[a]rgument that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question"; citation omitted), **appeal denied**, 104 A.3d 1 (Pa. 2014). Hence, we will consider the substantive merits of his sentencing claim.

> Our standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014), **appeal denied**, 117 A.3d 297 (Pa. 2015) (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the

crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012), ***appeal denied***, 67 A.3d 796 (Pa. 2013) (citation omitted).

> The trial court explained:
>
> In imposing a sentence, the [c]ourt considered the presentence investigation report (PSI), Appellant's educational background, rehabilitative potential and his family support. These factors were balanced with the substantial impact the crimes had on the victims in this case and the need for a lengthy period of supervision to help Appellant get the help he needs from the community to address his addiction.

Tr. Ct. Op., 7/11/16, at 3; ***see also*** N.T., 4/29/16, at 9 (the trial court "[took] into account [Appellant's] age," that "[Appellant] graduated from high school, and that [Appellant] accept[s] responsibility" for his crimes). Thus, the trial court considered Appellant's character – including his youth, education, and family; his rehabilitative needs; and the impact of his actions on his victims and on the community and public. ***See*** 42 Pa.C.S. § 9721(b); ***Schutzues***, 54 A.3d at 99. The trial court also stated during the sentencing hearing that it had read the sentencing guidelines, which take into account the gravity of the offenses. N.T., 4/29/16, at 9; ***see*** 42 Pa.C.S. § 9721(b). Accordingly, the trial court properly reviewed all of the requisite factors and did not abuse its discretion when imposing Appellant's sentence. Consequently, Appellant's sentence is not manifestly excessive or unreasonable.

Based on the foregoing, we agree with appellate counsel that the sentencing issue raised by Appellant lacks merit. In addition, we have reviewed the certified record consistent with *Flowers*, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/2/2017