J-S28023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN M. CARTER | |
| Appellant | No. 1436 WDA 2016 |

Appeal from the Judgment of Sentence September 12, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002434-2015

BEFORE:  OLSON, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:               **FILED SEPTEMBER 21, 2017**

Kevin M. Carter appeals from the September 12, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following his guilty plea to one count of use/possession of drug paraphernalia.[1]  Carter's appellate counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and a petition for leave to withdraw as counsel.  We affirm and grant counsel's petition to withdraw.

On July 11, 2016, Carter pled guilty to the aforementioned charge.  On September 12, 2016, the trial court sentenced Carter to 6 to 12 months' incarceration, consecutive to any sentence Carter was serving at the time.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(32).

On September 14, 2016, Carter filed a post-sentence motion, which the trial court denied on September 23, 2016. That same day, Carter filed a timely notice of appeal.[2] On September 27, 2016, the trial court ordered Carter to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On September 28, 2016, counsel filed a Rule 1925(c)(4) statement of intent to file an *Anders* brief. On September 30, 2016, the trial court entered an order stating that no opinion was necessary in light of counsel's statement of intent.

Because Carter's appellate counsel has filed a petition to withdraw pursuant to *Anders* and its Pennsylvania counterpart, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), we must address counsel's petition before reviewing the merits of Carter's underlying claims. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007). We first address whether counsel's petition to withdraw satisfies the procedural requirements of *Anders*. To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

---

[2] Carter's notice of appeal states that, at the time of filing, the trial court had not docketed its sentencing order. Our review of the record reveals that although the order itself is not time-stamped, the docket shows a filing date of September 12, 2016.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Here, appellate counsel stated that after conscientious examination of the record, she found the appeal to be wholly frivolous. Pet. for Leave to Withdraw as Counsel, 2/7/17, at 1 (unpaginated). Counsel furnished a copy of the *Anders* brief to Carter, and advised him that he had "the right to find or retain new counsel to pursue the appeal or to proceed *pro se* to raise any points that you deem worthy of the court's attention." Ltr. to Carter, 2/7/17. We conclude that counsel's petition for leave to withdraw has complied with the procedural dictates of *Anders*.

We next address whether counsel's *Anders* brief meets the requirements established by the Pennsylvania Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

The instant brief sets forth counsel's conclusion that the appeal is frivolous and counsel's reasons for her conclusion. The brief also states that counsel reviewed the record, and refers to Carter's sentencing hearing, including Carter's statements at the hearing and the trial court's on the

record reasons for the sentence imposed. However, while the brief provides a concise summary of the procedural history, it neither discusses the factual history of this matter nor cites to the record. Because Carter pled guilty to only one count of possession of drug paraphernalia[3] and because the factual history is not essential to our review, we conclude counsel substantially complied with the dictates of **Anders** and **Santiago**.

Carter has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review the sole issue raised in the **Anders** brief: "Whether [Carter]'s sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" Carter's Br. at 3.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058,

_____

[3] When a defendant pleads guilty, he:

> generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence.

**Commonwealth v. Guth**, 735 A.2d 709, 710 n.3 (Pa.Super. 1999) (internal citations omitted).

1064 (Pa.Super. 2011). Before we address such a challenge, we must first determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issue; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Carter filed a timely notice of appeal and preserved his issues in a post-sentence motion. The *Anders* brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We must now determine whether Carter's issue raises a substantial question for our review.

Carter claims he has raised a substantial question because (1) the court applied an incorrect prior record score, and (2) because the court imposed an excessive sentence without considering the appropriate sentencing factors. We evaluate whether a particular sentencing issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d

- 5 -

1263, 1268 (Pa.Super. 2013) (quotation omitted). A claim that the trial court erroneously computed a defendant's prior record score presents a substantial question. **Commonwealth v. Johnson**, 758 A.2d 1214, 1216 (Pa.Super. 2000). Moreover, "[a]n averment that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant, as 42 P[a].C.S.[ ] § 9721(b) requires[,] presents a substantial question for our review in typical cases." **Commonwealth v. Derry**, 150 A.3d 987, 992 (Pa.Super. 2016) (internal quotation omitted) (some alterations in original). We conclude that Carter has raised a substantial question for our review.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa.Super. 2010).

Carter first challenges the trial court's calculation of his prior record score, contending that his prior record score should have been 3, rather than 5. Carter does not explain why his prior record score should have been 3. Further, after reviewing the record, including the Guideline Sentence Form and the prior offenses Carter listed in his post-sentence motion, we conclude that the trial court calculated Carter's prior record score correctly.

Carter next contends that the trial court imposed an excessive sentence without considering the section 9721(b) factors. The record shows

that the trial court took into account Carter's history of drug and alcohol addiction, his criminal history, and his potential to be a danger to both himself and others. Accordingly, we conclude the trial court considered the protection of the public, the gravity of the offense, and Carter's rehabilitative needs, and did not abuse its discretion in sentencing Carter to 6 to 12 months' incarceration.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017