COMMONWEALTH of Pennsylvania, Appellee,

v.

Aaron K. JOHNSON, Appellant.

Superior Court of Pennsylvania.

Argued May 3, 2000.
Filed Aug. 23, 2000.

Shawn Nolan, Public Defender, Philadelphia, for appellant.

Michael Morse, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: JOYCE, MUSMANNO and BECK, JJ.

MUSMANNO, J.:

¶ 1 Appellant Aaron K. Johnson ("Johnson") appeals from the judgment of sentence imposed after he pled guilty to failing to register as a sex offender, 42 Pa. C.S.A. § 9793, and failing to verify his address, 42 Pa.C.S.A. § 9796. We affirm.

¶ 2 Johnson pled guilty in 1992 to rape and was sentenced to a prison term of two

to six years. As a prerequisite to his release on parole, Johnson signed a sexual offender registration form on April 17, 1996. Thereafter, Johnson failed to re-register and verify his address; thus, a warrant was issued for Johnson's arrest for violating sections 9793 and 9796. Johnson pled guilty to those charges on August 12, 1999.

¶ 3 Using Johnson's 1992 rape conviction, the trial court determined that Johnson had a prior record score of four. *See* 204 Pa.Code § 303.15. The trial court sentenced Johnson to a prison term of six to twelve months on each charge. Those sentences were to run concurrently with each other and consecutive to any other sentence Johnson was then serving. In this timely appeal of the judgment of sentence, Johnson raises one issue: whether the trial court erred in finding that his prior record score was four, where the basis for that prior record score was Johnson's 1992 conviction for rape.

■ ¶ 4 A challenge to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's sentence. *Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super.1998). A defendant who has pled guilty may challenge the discretionary aspects of his sentence as long as the defendant did not agree to a negotiated sentence as part of a plea agreement. *Commonwealth v. Dalberto*, 436 Pa.Super. 391, 648 A.2d 16 (1994). In the present case, Johnson failed to include a copy of the guilty plea colloquy in the record certified to this Court. However, neither party has argued that the sentence imposed by the trial court was the result of a negotiated plea. Thus, we assume that Johnson's sentence was the result of an open guilty plea.

■ ¶ 5 When a defendant raises an issue that implicates the discretionary as-

pects of his sentence, the defendant must petition this Court for permission to appeal and demonstrate that there is a substantial question that the sentence imposed was not appropriate under the Sentencing Code. *See* 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

■ ¶ 6 In his request for permission to appeal the discretionary aspects of his sentence, Johnson has alleged that the trial court erroneously computed his prior record score. A claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question. *Commonwealth v. Medley*, 725 A.2d 1225, 1228 (Pa.Super.1999). Johnson therefore has presented a substantial question, and we grant him permission to appeal the discretionary aspects of his sentence.

■ ¶ 7 Sentencing matters are vested in the sound discretion of the sentencing judge, and we will not disturb a sentence on appeal absent an abuse of the sentencing court's discretion. *Commonwealth v. Johnson*, 446 Pa.Super. 192, 666 A.2d 690 (1995). A sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *See Commonwealth v. Smith*, 543 Pa. 566, 673 A.2d 893 (1996).

■ ¶ 8 The Sentencing Guidelines provide that all prior convictions shall be counted in the prior record score, except for the following:

(b) When a sentence for a prior conviction was imposed totally concurrent to another sentence, or was served totally concurrent to another sentence, only the conviction with the greatest number of points under § 303.7 shall be counted.

204 Pa.Code § 303.5(b).[1]

¶ 9 Johnson contends that the trial court erred in finding that he had a prior record

---

**1.** The exception set forth in section 303.5(b) does not apply. Johnson's sentence for rape was not imposed concurrent to the sentences for the present offenses. Instead, the trial court imposed concurrent sentences for the present offenses and made those sentences consecutive to any sentence for a prior conviction.

score of four for purposes of sentencing. He asserts that his 1992 rape conviction is an element of sections 9793 and 9796, and therefore, the trial court's use of the 1992 conviction in calculating Johnson's prior record score constituted "double counting." Johnson alleges that such "double counting" is a violation of the Sentencing Guidelines and the due process provisions of the Pennsylvania Constitution and the United States Constitution.

¶ 10 We first note that Johnson has failed to provide any argument or authority to support his contention that the trial court's use of his 1992 rape conviction to calculate his prior record score violated due process. Therefore, we find this portion of Johnson's argument waived. *See Commonwealth v. Luktisch*, 451 Pa.Super. 500, 680 A.2d 877 (1996) (holding that an issue is waived where the defendant failed to develop an argument in his appellate brief and cited no authority).

¶ 11 Johnson contends, however, that the trial court's use of his 1992 rape conviction to calculate his prior record score violated the Sentencing Guidelines because (1) the prior rape conviction is an element of the current offenses and should not be used to enhance the sentence for those offenses; (2) the prior conviction should not be used to enhance the grading of the present subsequent offenses; and (3) the Sentencing Guidelines provide that a prior record may not be used as an aggravating or mitigating factor in sentencing.

¶ 12 Johnson first contends that his 1992 conviction for rape is an element of the current offenses and therefore should not be used to enhance the sentence for those offenses. Johnson points to section 303.10(a)(3) of the Sentencing Guidelines as support for his argument. Under that section, a defendant who possessed a deadly weapon during the commission of a crime will not receive an enhanced sentence if possession of a deadly weapon is an element of the crime for which the defendant is being sentenced. 204 Pa. Code § 303.10(a)(3). When possession of a deadly weapon is an element of the offense

that is being sentenced, the fact of weapon possession would be included in the offense gravity score for the offense. If the sentence enhancement provisions applied to such offense, weapon possession consequently would be considered twice in the sentencing determination. *See* Sentencing Guidelines Implementation Manual (5th Edition) ("Sentencing Manual"), at 192. Such "double counting" of the elements of an offense is disfavored by the Sentencing Commission. *Id.*

¶ 13 In the present case, Johnson's prior conviction of rape is not an element of the offenses at issue herein. Those offenses are defined as follows:

**§ 9793.  Registration of certain offenders for ten years**

(a) **Registration.**—A person convicted of any of the offenses set forth in subsection (b) shall be required to register a current address with the Pennsylvania State Police upon release from incarceration, upon parole from a State or county correctional institution, upon the commencement of a sentence of intermediate punishment or probation or where the offender is under the supervision of the Pennsylvania Board of Probation and Parole at the time of enactment of this section . . .

(b) **Persons required to register.**—

(1) Persons convicted of any of the following offenses that are classified as a felony and involve a victim who is a minor:

18 Pa.C.S. § 2901 (relating to kidnapping) except by a parent.

18 Pa.C.S. § 3121 (relating to rape).

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).

18 Pa.C.S. § 3125 (relating to aggravated indecent assault).

18 Pa.C.S. § 5902(b) (relating to prostitution and related offenses).

18 Pa.C.S. § 5903(a)(3), (4), (5) or (6) (relating to obscene and other sexual materials and performances).

(2) Persons convicted of any of the following offenses regardless of the age of the victim:

18 Pa.C.S. § 3121.

18 Pa.C.S. § 3123.

18 Pa.C.S. § 3125.

18 Pa.C.S. § 3128(a) and (b) (relating to spousal sexual assault).

(3) Persons convicted of 18 Pa.C.S. § 3126 (relating to indecent assault) when the offense is a misdemeanor of the first degree.

42 Pa.C.S.A. § 9793(a).

### § 9796. Verification of residence.

. . .

**(b) Annual verification.**—The Pennsylvania State Police shall verify the residence of offenders designated in section 9793 (relating to registration of certain offenders for ten years) annually through the use of a residence verification form. The form shall be returned by the offender within ten days.

. . .

42 Pa.C.S.A. § 9796(b).

¶ 14 Johnson's analogy to the deadly weapon enhancement cases is inapt. In such cases, the possession of a deadly weapon is an integral part of the immediate conduct for which the defendant has been convicted. In the present case, however, the prior conviction of rape is merely a pre-condition to charging and convicting Johnson of violating sections 9793 and 9796. That pre-condition is not part of the conduct that resulted in the charges of violating sections 9793 and 9796. Therefore, we reject Johnson's argument that his 1992 conviction was included as an element of the crimes set forth in sections 9793 and 9796.

¶ 15 Nor are we persuaded by Johnson's sub-argument that the assignment of an offense gravity score of six to both sections 9793 and 9796 is evidence that the Sentencing Commission intended that the predicate offenses for those crimes be included in their offense gravity scores. We find no merit to Johnson's assertion that sections 9793 and 9796 are unique in having an offense gravity score of six because, according to Johnson, felonies of the third degree, such as the offenses at issue here, are usually assigned an offense gravity score of five. Our review of the Sentencing Guidelines reveals that Johnson's assertion is not accurate, as felonies of the third degree are assigned a variety of offense gravity scores, ranging from three to eight, under the Guidelines. Accordingly, we find no merit to Johnson's assertion in this regard.

■ ¶ 16 Johnson also contends that the Sentencing Guidelines exclude from the prior record score offenses that change the grading of the offense at issue. Johnson cites section 303.8(g)(2) of the Guidelines which provides that "[a]ny prior conviction which contributed to an increase in the grade of a subsequent conviction shall not be used in computing the Prior Record Score." 204 Pa.Code § 303.8(g)(2). Johnson contends that his 1992 conviction for rape in fact changed the grading for the current offenses, because but for the prior conviction, the current offenses would not have occurred. *See* Brief for Appellant, at 12.

¶ 17 We disagree. The Sentencing Commission explained the intention of section 303.8(g)(2) as follows:

Exclusion of prior convictions that are used to elevate the statutory grading of an offense reflects the Commission's general policy against the "double counting" of factors against the defendant. For a few offenses, such as retail theft and DUI, certain prior convictions may increase the grade of a subsequent offense. Because both the Offense Gravity Score and the Prior Record Score reflect to some degree the grade of offenses, and an increase in the grade of a current or previous offense will generally increase the sentence recommendation, the offenses which contribute to an increase in the grade of a subsequent offense should not be counted again.

Sentencing Manual, at 144.

¶ 18 The present case is unlike those involving certain retail theft and DUI of-

fenses. In those cases, the statutory definitions of the crimes provide for grading of the crimes (*i.e.,* misdemeanor of the first or second degree, or felony of the first, second or third degree) based on whether prior offenses have been committed. *See, e.g.,* 18 Pa.C.S.A. § 3929(b)(1)(i)–(v) (defining various grades of retail theft).

¶ 19 In the present case, the offenses at issue do not contain sub-categories of grading as do the theft offenses. Sections 9793 and 9796 are each defined simply as felonies of the third degree. *See* 42 Pa. C.S.A. § 9793(e), § 9796(e). Thus, we cannot agree with Johnson's argument that his prior conviction for rape changed the grading of the present offenses.

 ¶ 20 Johnson also contends that the Sentencing Guidelines preclude the use of a prior conviction as an aggravating factor in imposing sentence. Johnson cites 204 Pa.Code § 303.13 in this regard, which provides that when the sentencing court determines that an aggravating circumstance is present, the court may impose an aggravated sentence greater than the Guidelines recommendation. *See* 204 Pa. Code § 303.13(a). According to the Sentencing Commission, factors that are already used in Guidelines computations, including, *inter alia,* prior convictions, may not be used to justify an aggravated sentence. Sentencing Manual, at 228.

¶ 21 We agree that a prior conviction may not be used under the Sentencing Guidelines as an aggravating circumstance justifying an aggravated sentence. In the present case, however, Johnson did not receive an aggravated sentence. In fact, he received a minimum sentence that was less than the mitigated range. *See* 204 Pa.Code § 303.16 (for an offense gravity score of six and a prior record score of four, the recommended minimum sentence is fifteen to twenty-one months). Thus, we find unpersuasive Johnson's attempt to analogize his case to those that involve imposition of an aggravated sentence.

¶ 22 For the above reasons, we find that the trial court did not abuse its discretion in using a prior record score of four in calculating Johnson's sentence.

¶ 23 Judgment of sentence affirmed.