J-S41005-16

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REGINALD HOPEWELL, | |
| Appellant | No. 1476 EDA 2015 |

Appeal from the Judgment of Sentence Entered February 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006515-2014

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 24, 2016**

Appellant, Reginald Hopewell, appeals from the judgment of sentence of 3½ to 7 years' incarceration, imposed after he was found guilty, following a non-jury trial, of possession with intent to deliver a controlled substance (PWID), conspiracy to commit PWID, and possession of a controlled substance.  Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we vacate and remand for resentencing.

Summarizing the underlying facts of Appellant's case is unnecessary to our disposition of his issue on appeal.  We need only note that on December 9, 2014, Appellant was found guilty of the above-stated offenses.  A pre-sentence report was prepared, and a sentencing hearing was conducted on

_____

[*] Former Justice specially assigned to the Superior Court.

February 19, 2015. At the outset of that proceeding, the court asked if defense counsel or the Commonwealth wished to present argument regarding the offense gravity score, prior record score, or the applicable sentencing guidelines. N.T. Sentencing, 2/19/15, at 3. The Commonwealth replied that, based on its calculations, and the information provided in the pre-sentence report, Appellant's prior record score was 7 and he was classified as a Repeat Felony 1 and Felony 2 Offender (RFEL), making the standard guideline range 35 to 45 months' imprisonment. *See id.* at 3-4; *see also* 204 Pa. Code § 303.4(a)(2) (defining the requirements for classification as an RFEL offender). Defense counsel then stated "[n]o argument[,]" and requested that the court impose a standard range sentence. *Id.* at 4. At the close of the hearing, the court sentenced Appellant to concurrent terms of 3½ to 7 years' incarceration for both his PWID and conspiracy convictions. Appellant's conviction of possession of a controlled substance merged for sentencing purposes.

Appellant retained new counsel on the same day his sentence was imposed, and that attorney filed a timely post-sentence motion, arguing, *inter alia*, that Appellant's prior record score was miscalculated and he was not an RFEL offender. The court ultimately denied that post-sentence motion, and Appellant filed a timely notice of appeal. Appellant also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one issue for our review:

Did the lower court incorrectly assume that Appellant's prior convictions were for offenses associated with heightened prior record points when no evidence of record supported that assumption?

Appellant's Brief at 4.

Appellant correctly characterizes this claim as a challenge to the discretionary aspects of his sentence. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 253 (Pa. Super. 2004); *Commonwealth v. Archer*, 722 A.2d 203, 210-211 (Pa. Super. 1998) (*en banc*).

> An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence. The appellant must satisfy all of the following:
>
> > (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Tejada*, 107 A.3d 788, 797-98 (Pa. Super. 2015) (citation omitted), *appeal denied*, 119 A.3d 351 (Pa. 2015).

Here, the trial court concludes that Appellant waived his sentencing claim by not objecting, at the sentencing hearing, to the calculation of his prior record score or his classification as an RFEL offender. *See* Trial Court Opinion, 10/7/15, at 10. We disagree. Appellant filed a timely post-sentence motion raising this issue, he filed a timely notice of appeal, he includes a Rule 2119(f) statement in his brief to this Court, and he presents a substantial question for our review. *See Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000) (finding a substantial question was

presented where the defendant claimed the sentencing court erroneously calculated his prior record score and, thus, misapplied the sentencing guidelines). Accordingly, Appellant has satisfied each prong of the test for invoking this Court's jurisdiction to address his claim, and we do so herein.

Again, Appellant argues that his prior record score was erroneously calculated as a 7, when it is actually a 4, and that he was improperly classified as an RFEL offender. The Commonwealth concedes that "[t]here is insufficient evidence of record to show that [Appellant] was a repeat felony offender…." Commonwealth's Brief at 4. Thus, "the Commonwealth does not oppose a remand for resentencing." *Id.* Because we have no analysis by the trial court, which found Appellant's claim waived, and because the Commonwealth concedes that the record supports Appellant's argument, we conclude that the appropriate action is to vacate Appellant's judgment of sentence and remand for the court to recalculate his prior record score and impose a new sentence under the correct guideline range.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

- 4 -