J. S01030/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN CARL PEARCE III, | : | |
| | : | |
| Appellant | : | No. 773 MDA 2016 |

Appeal from the Judgment of Sentence April 11, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002268-2013

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                          **FILED MAY 16, 2017**

Appellant, John Carl Pearce III, appeals from the April 11, 2016 Judgment of Sentence entered in the Luzerne County Court of Common Pleas following Appellant's open guilty plea to one count of Carrying a Firearm Without a License.[1]  After review, we affirm.

On August 10, 2015, Appellant pled guilty to one count of Carrying a Firearm Without a License.  There was no agreement as to sentencing.  The trial court ordered a Pre-Sentence Investigation ("PSI") Report, which indicated that Appellant had a prior record score of two points: one point for two ungraded misdemeanor convictions and one point for a prior juvenile

---

[1] 18 Pa.C.S. § 6106(a)(1).

adjudication for "possession of a weapon on school property." N.T., 4/11/16, at 2.

The trial court held a sentencing hearing on April 11, 2016. At the outset, Appellant raised an issue regarding his prior record score. Although Appellant did not contest the accuracy of the PSI report or the existence of the prior adjudication, he questioned whether his juvenile adjudication should be included in his prior record score because the "weapon" at issue wasn't "really a knife." *Id.* at 3. Although the trial court offered Appellant a one week continuance to look into Appellant's the juvenile adjudication, Appellant advised the court that he wanted to "proceed forward with sentencing." *Id.* at 5. At the close of the hearing, the trial court sentenced Appellant to 24 to 48 months of incarceration, a sentence at the bottom of the standard range of the Sentencing Guidelines.

Appellant did not file a Motion to Modify Sentence.

Appellant timely filed a counseled Notice of Appeal on May 9, 2016. On May 10, 2016, the trial court entered an Order on the docket directing Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, which Appellant failed to do.

On July 11, 2016, the trial court filed a Rule 1925(a) Opinion in which the court noted that, as of that date, Appellant had not filed a Rule 1925(b) Statement as ordered and had not requested an extension of time in which

to do so. The trial court opined, therefore, that Appellant had waived his issues on appeal.

On July 14, 2016, Appellant filed a *Nunc Pro Tunc* Petition for Permission to File a Concise Statement of Errors Complained of on Appeal, which the trial court denied on July 18, 2016. On July 20, 2016, Appellant filed a Motion for Reconsideration, which the trial court also denied. Appellant's counsel nonetheless filed a Brief on October 31, 2016, challenging the discretionary aspects of his sentence.

On March 13, 2017, this Court filed a non-precedential Judgment Order, finding that defense counsel's failure to file a Pa.R.A.P. 1925(b) Statement constituted *per se* ineffectiveness. We, therefore, remanded the case with instructions for Appellant to file a Pa.R.A.P. 1925(b) Statement *nunc pro tunc* and for the trial court to file a Pa.R.A.P. 1925(a) Opinion.

On remand, both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue for our review, namely, "[w]hether the trial court abused its discretion and imposed a manifestly unreasonable sentence by miscalculating Appellant's prior record score[?]" Appellant's Brief at 1.

Initially, we note that Appellant's claim implicates the discretionary aspects of sentencing. *See Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000) ("A challenge to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's

sentence."). Challenges to the discretionary aspects of sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** (citation omitted).

Here, Appellant complied with the first three requirements above.[2] Moreover, we have held that a claim that a trial court's improper consideration of a prior conviction, with a resulting improper prior record score, raises a substantial question that the court has violated a fundamental norm underlying the sentencing process. **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa. Super. 2003). Thus, we will examine Appellant's claim.

Our well-settled standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

---

[2] Although Appellant did not file a Post-Sentence Motion, he did challenge the calculation of his prior record score at the April 11, 2016 Sentencing Hearing.

absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

[ ... ]In fashioning a sentence, the trial court must impose a term of confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact of the victim and to the community, and the rehabilitative needs of the defendant....  Although the trial court must consider the Sentencing Guidelines, the court is not obligated to impose a sentence deemed appropriate under the Sentencing Guidelines.  At the same time, the trial court cannot justly sentence a defendant unless it possesses sufficient and accurate information about the circumstances of the offense and the character of the defendant to formulate its judgment.  In imposing a defendant's sentence, the trial court must state the reasons for the sentence on the record.  As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed.

*Anderson*, 830 A.2d at 1018–19 (internal citations omitted).

The trial court, in determining the guideline sentence for a criminal conviction, must establish the defendant's prior record score.  204 Pa.Code § 303.2(a)(2).  The prior record score "is based on the type and number of prior convictions (§ 303.5) and prior juvenile adjudications (§ 303.6)."  204 Pa.Code § 303.4(a).  Importantly, as this Court has previously noted:

The practice for calculation of a prior record score usually is as follows: The court orders a presentence report, which contains a list of prior arrests and convictions. The court examines the report, and, at the sentencing hearing, listens to arguments by prosecution and defense counsel and entertains their suggestions as to sentence. At that time, counsel make objections to information obtained in the report and the court takes their arguments into consideration.

\* \* \*

> [Accordingly], we hold that the defense has the burden of alleging invalid prior convictions, and that if the allegations appear to have merit, the court ordinarily should inquire into the circumstances surrounding the convictions. If the allegations warrant it, the court should require the production of evidence by the Commonwealth showing the validity of the convictions. **If the defendant fails to prove to the satisfaction of the court that the inference of constitutional adjudications is wrong, the court may infer that a presentence report showing convictions is accurate, and proceed on that basis.**

*Commonwealth v. Charles*, 488 A.2d 1126, 1132 (Pa. Super. 1985) (citations omitted, emphasis added).

In the instant case, although Appellant did raise some question about his juvenile adjudication, a careful review of the record reveals that Appellant conceded both the validity of his adjudication, and its computation as one point towards his prior record score. Specifically, defense counsel initially told the trial court that she had "some questions about not so much the adjudication but if, in fact, it is valid as one point." N.T., 4/11/16, at 2. However, defense counsel then immediately conceded that the prior adjudication, as listed on the PSI report, "would render one point" towards a prior record score, before ultimately telling the trial court that she had "no reason to dispute" the adjudication listed in the PSI report. *Id.* at 4. Appellant himself addressed the trial court, agreeing that he was charged with possession of a weapon on school property, and ultimately given six months of probation for the offense. *Id.* at 3. He did argue, however, that

the weapon he possessed on school property was "a lighter with a cigar cutter on it" and not "really a knife." ***Id.***

Despite the fact that Appellant conceded the accuracy of the PSI report, the trial court offered Appellant a one-week continuance to permit him to look into his juvenile record. ***Id.*** at 4-5. Defense counsel advised the court that Appellant wished to proceed to sentencing immediately. ***Id.*** at 5. In response to an inquiry from the trial court, Appellant confirmed his desire to proceed immediately to sentencing. ***Id.***

In light of the foregoing circumstances, we conclude that the trial court did not err or otherwise abuse its discretion in relying on the PSI report, including the prior record score therein. Appellant's sentencing claim, therefore, fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017

- 7 -