J-A16015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JAMES MCSORLEY | : | |
| | : | |
| Appellant | : | No. 1833 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 15, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002719-2016


BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:          **FILED: JULY 23, 2019**

William James McSorley appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, after a jury convicted him of persons not to possess firearms.[1]  After careful review, we affirm.

On March 1, 2016, police responded to a call from Christine Gebhard indicating that McSorley and his son, Brian Jacobs, were holding her against her will in their car, and that they had a gun.  Police found Gebhard standing outside the vehicle and arrested McSorley and Jacobs nearby.  Officers subsequently recovered a handgun near the car and ammunition inside the car.  The owner of the gun, Tom Manis, testified that McSorley possessed the gun from November 2015 until police recovered it on March 1, 2016.

---

[1] 18 Pa.C.S.A. § 6105.

---

*   Former Justice specially assigned to the Superior Court.

On June 7, 2017, a jury convicted McSorley of persons not to possess firearms, finding McSorley's prior conviction for escape under 18 Pa.C.S.A. § 5121 precluded him from possessing a gun. On June 15, 2018, the trial court sentenced McSorley to five to ten years' incarceration. On June 25, 2018, McSorley filed a post-sentence motion challenging the weight of the evidence, which the court denied on October 16, 2018. McSorley filed a timely notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

McSorley raises the following issues on appeal:

(1) Did the trial court incorrectly calculate the prior record score by including McSorley's escape conviction[,] which was an element of the persons not to possess charge, causing a failure to give proper consideration of the requested sentence in the mitigated range for McSorley's proper prior record score [PRS] of four and instead sentencing McSorley to the statutory maximum and bottom of the standard range for a prior record score of five?

(2) Did the trial court fail to use the proper offense gravity score[,] utilizing a designation of the offense gravity score of 10 rather than an offense gravity score of 9[,] as the trial court's finding in regard to whether the gun was loaded or near ammunition as its finding that the gun was loaded was not supported by the evidence adduced at trial?[2]

(3) Did the trial court abuse its discretion in sentencing the defendant to the statutory maximum[,] as it was compounded by the error of the PRS calculation and[,] had

_____

[2] McSorley initially raised this claim in his statement of questions involved, but did not discuss the issue in the body of his brief. Therefore, the issue is waived. *See* Pa.R.A.P. 2119; *see also Commonwealth v. Long*, 753 A.2d 272, 278-79 (Pa. Super. 2000) ("When the appellant fails to adequately develop his argument, meaningful appellate review is not possible.").

McSorley been designated a PRS of four, the argument for a sentence at the bottom or mitigated range sentence would have had more persuasive value making the sentence imposed the top of the range excessive without proper support or explanation and disregarding the mitigating circumstances provided by counsel at sentencing?

(4)     Did the trial court err in failing to order a new trial upon post sentence motion[,] as the verdict was against the weight of the evidence and shocked the conscience and was insufficient as a matter of law since the jury's verdict in this matter relied upon the testimony of lay witnesses[,] where the evidence produced at trial [was] that these witnesses were not credible and motivated by bias and animus?

Appellant's Brief, at 9.

McSorley's first two preserved challenges[3] to the court's prior record score calculations implicate the discretionary aspects of sentencing. *Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015).  Such challenges, however, are not appealable as of right.  *Id.*  This Court lacks jurisdiction to hear McSorley's claims unless each of the following are satisfied: (1) the issue is preserved in the court below; (2) a timely notice of appeal is filed; (3) the appellate brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentencing; and (4) a substantial question for our review is raised.  *Id.*

McSorley satisfied the first three prongs of the test:  he filed a timely notice of appeal; he preserved his discretionary claim in a post-sentence

---

[3] McSorley waived his second claim. *See supra*, at 2. We, therefore, refer to what McSorley styled as his first and third claims, and consider them together.

- 3 -

motion; and he included a concise statement pursuant to Pa.R.A.P. 2119(f) in his brief. With regard to the fourth prong, we note that:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (citations omitted). Because McSorley alleges the trial court miscalculated his PRS due to double counting, he has raised a substantial question under the fourth prong, invoking our appellate review of the merits. *See Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000) (citations omitted).

McSorley alleges the trial court abused its discretion by double counting his prior conviction both as an element of the underlying offense and in the PRS calculation. Appellant's Brief, at 12 (citing *Commonwealth v. Jemison*, 98 A.3d 1254 (Pa. 2014); *Commonwealth v. Keiper*, 887 A.2d 317 (Pa. Super. 2005)).

The plain language of section 303.8(g)(2) of the Sentencing Code only prohibits inclusion of a prior conviction in the PRS when the prior conviction changes the grading of the current offense, i.e., from misdemeanor to felony, third-degree felony to second-degree felony, etc. *See Keiper*, 887 A.2d at 321.

McSorley's reliance on *Jemison* is misguided because *Jemison* did not address sentencing. *Compare* Appellant's Brief, at 12 (arguing *Jemison*

overturned **Keiper** *sub silentio* by categorizing prior conviction as an element of persons not to possess) **with Jemison**, 98 A.3d at 1262 (holding defendant did not suffer unfair prejudice by admission into evidence of certified conviction to prove prior conviction element of persons not to possess). As McSorley's prior conviction did not change the grade of his current offense, we find that the trial court did not abuse its discretion by including his prior conviction for escape in calculating his PRS. **See id.** Consequently, both his first and third claims fail.

Next, McSorley avers his conviction was against the weight of the evidence. In evaluating his claim, we apply the following well-settled standard:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000).

In rejecting McSorley's weight claim, the trial judge found that any testimonial inconsistencies were minor. Trial Court Opinion, 1/17/2018, at 6. Although Gebhard suffered from bipolar disorder and Jacobs suffered from anxiety and depression, the trial court concluded the jury was within its right

to "believe all or at least part of" their testimony. ***Id.*** (quoting ***Commonwealth v. Hughes***, 908 A.2d 928 (Pa. Super. 2006)). Accordingly, we find no abuse of discretion in the trial court's denial of McSorley's post-sentence motion alleging the verdict was against the weight of the evidence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/2019