J-S39006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN HEATH THOMPSON | : | |
| | : | |
| Appellant | : | No. 96 MDA 2023 |

Appeal from the Judgment of Sentence Entered on December 16, 2022
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000052-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED: NOVEMBER 6, 2023**

Appellant, Justin Heath Thompson, appeals from the December 16, 2022 amended judgment of sentence entered in the Snyder County Court of Common Pleas following his negotiated guilty plea to Transients—Failure to Comply with Registration Requirements.[1] Appellant's counsel, Jasmin A. Smith, Esquire, has filed a Petition to Withdraw as Counsel and an **_Anders_**[2] Brief, to which Appellant has not filed a response. Upon review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

By way of background, on July 21, 2014, Appellant pleaded guilty in the Blair County Court of Common Pleas to 12 counts of Child Pornography,

---

[1] 18 Pa.C.S. § 4915.1(a.1)(1).

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

graded as a third-degree felony.[3, 4]  That same day, the trial court sentenced Appellant to an aggregate term of 6 to 20 years of incarceration, comprised of 12 consecutive 6-month to 5-year sentences.  Appellant's convictions required him to register as a sex offender for a period of 10 years.

On August 10, 2022, the Commonwealth charged Appellant with, *inter alia*, Transients—Failure to Comply with Registration Requirements.  On September 19, 2022, Appellant pleaded guilty to this offense.[5]  The trial court ordered the preparation of a pre-sentence investigation ("PSI") report.

On November 22, 2022, the trial court held a sentencing hearing.  The court noted that Appellant's PSI report indicated that he has a prior record score ("PRS") of five.  Appellant objected to the calculation of his PRS as reported in the PSI report and believed, based on a prior calculation by Blair County related to a 2019 or 2020 conviction, that his PRS was, in fact, one. The trial court indicated that it "really [did] not care what another [c]ounty calculated his [PRS] at" and inquired as to whether Appellant disputed that he

---

[3] 18 Pa.C.S. § 6312(d)(1).

[4] This Court did not have the benefit of reviewing the certified record in Appellant's Blair County case to ascertain the relevant background information.  We have instead gleaned the background facts from the trial court's opinion, **Anders** Brief, and the Notes of Testimony from Appellant's November 22, 2022 sentencing hearing in the instant matter, as well as the criminal docket sheet for case number CP-07-CR-2591-2012 publicly available on the website of Pennsylvania's Unified Judicial System.

[5] In exchange, the Commonwealth agreed to *nolle pros* the remaining charges and that Appellant's sentence would be in the bottom half of the standard range of the sentencing guidelines.

had previously been convicted of Felony 3 Child Pornography.[6]   Appellant indicated that he did not dispute his prior convictions of "several counts" but disagreed as to whether his sentences were imposed consecutively or concurrently.[7]  The Commonwealth clarified that Appellant had been convicted of "12 counts all sentenced consecutively" and the court confirmed "that gets you to [a PRS of] 5."[8]  Thus, based on Appellant's prior conviction of 12 child pornography offenses, and the imposition of consecutive sentences following his convictions, the trial court concluded that the PSI calculation of a PRS of 5 was correct.   The court proceeded to sentence Appellant to a term of 24 months to 7 years of incarceration.[9]

On December 2, 2022, Appellant filed a post-sentence motion in which he argued, *inter alia*, that the calculation of his PRS was incorrect.  The trial court denied the motion without a hearing on December 16, 2022.[10]

_____

[6] N.T. Sentencing Hr'g, 11/22/22, at 3.

[7] *Id.*

[8] *Id.* at 3-4.

[9] The November 22, 2022 sentencing order erroneously indicated that Appellant had been convicted of Failure to Register at Count II of the criminal information.  On December 2, 2022, the trial court entered an amended sentencing order correcting this mistake by noting Appellant's conviction of Failure to Register at Count I of the criminal information.

[10] That same day, the trial court entered an order reiterating that "this [c]ourt's Order of November 22, 2022[,] is amended to read that [Appellant] is sentenced on Count 1 of the Information and not Count 2 of the Information. In all other respects, this [c]ourt's Order of November 22, 2022[,] shall remain in full force and effect."  Order, 12/16/22.

This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On July 26, 2023, Attorney Smith filed an *Anders* Brief indicating Appellant wished to challenge the sentencing court's decision to apply the PRS of five over his objection and without holding a hearing. In addition, Attorney Smith filed a petition to withdraw as counsel. Appellant did not file a response to the *Anders* Brief or petition to withdraw.

In the *Anders* Brief, counsel indicated that Appellant wished to raise the following issue on appeal:

> Whether the trial court's decision to apply a calculated [PRS], over Appellant's objection and without a separate hearing, was manifest abuse of discretion[?]

*Anders* Brief at 6.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an *Anders* Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

- 4 -

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that she sent Appellant a copy of the **Anders** Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the **Anders** Brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted). **See also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

In the **Anders** Brief, counsel reiterates Appellant's challenge to the sentencing court's reliance on the PRS calculated by the Snyder County Probation Department and the court's decision not to hold a hearing on the matter. **Anders** Brief at 9-12. This claim implicates the discretionary aspects of Appellant's sentence. **See Commonwealth v. Johnson**, 758 A.2d 1214, 1216 (Pa. Super. 2000) ("A challenge to the calculation of the Sentencing

- 5 -

Guidelines raises a question of the discretionary aspects of a defendant's sentence."). Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Id.*** (citation omitted).

Here, Appellant complied with the first three requirements above. Moreover, we have held that a claim that a trial court's improper consideration of a prior conviction, with a resulting improper prior record score, raises a substantial question that the court has violated a fundamental norm underlying the sentencing process. ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa. Super. 2003). Thus, we will examine Appellant's claim.

Our well-settled standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

[ ... ]In fashioning a sentence, the trial court must impose a term of confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact of the victim and to the community, and the rehabilitative needs of the defendant....   Although the trial court must consider the Sentencing Guidelines, the court is not obligated to impose a sentence deemed appropriate under the Sentencing Guidelines. At the same time, the trial court cannot justly sentence a defendant unless it possesses sufficient and accurate information about the circumstances of the offense and the character of the defendant to formulate its judgment.  In imposing a defendant's sentence, the trial court must state the reasons for the sentence on the record.  As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed.

*Id.* at 1018–19 (internal citations omitted).

The trial court, in determining the guideline sentence for a criminal conviction, must establish the defendant's prior record score.  204 Pa.Code § 303.2(a)(2).  The prior record score "is based on the type and number of prior convictions (§ 303.5) and prior juvenile adjudications (§ 303.6)."  204 Pa.Code § 303.4(a).  Generally, when calculating a PRS, the court first examines a PSI report, which lists a defendant's prior arrests and convictions, and then considers the objections to the information contained in the PSI report, if any, made by the defendant's counsel at the sentencing hearing. ***Commonwealth v. Charles***, 488 A.2d 1126, 1132 (Pa. Super. 1985).

With respect to Appellant's assertion that the trial court applied a miscalculated PRS when sentencing him, the trial court opined as follows:

> [Appellant] does not dispute the representations in the presentence report that his aggregate sentence was six (6) to twenty (20) years. Given [] Appellant's most serious offenses were felonies of the third degree, it is impossible to receive a sentence of six (6) to twenty (20) years if all counts were served concurrently to each other as the maximum possible penalty for a felony three is seven years. At a minimum, [] Appellant would have had to have been sentenced to at least three (3) consecutive felony threes to reach a maximum of twenty (20) years. [] Appellant did not contest that his sentence was six (6) to twenty (20) years.

> ***

> The fact that [neither] counsel nor [] Appellant objected to the language in the presentence report regarding [] Appellant's statement to the Probation Department acknowledging that his sentences were consecutive nor that he objected to his aggregate sentence being six (6) to twenty (20) years [] would indicate to the [c]ourt that it was clear that [] Appellant's Blair County sentences were consecutive to each other.

Trial Ct. Op., 1/8/23, at 3-4 (unpaginated). The court, therefore, concluded that it had sufficient information before it from which to determine that the Snyder County Probation Department accurately calculated Appellant's PRS. It further concluded that holding additional proceedings on this issue would be "frivolous and a total waste of time." *Id.* at 4.

We agree. Our review confirms that Appellant's relevant criminal history includes 12 convictions of Child Pornography, each graded as a third-degree felony. Thus, based on our review of the record, we conclude that the trial court properly determined that the PSI calculation of a PRS of 5 was correct.

In addition, the court did not abuse its discretion in refusing to hold another hearing limited to Appellant's contention that the trial court applied

an incorrect PRS. Appellant had a sentencing hearing at which: (1) he conceded his prior convictions; (2) the court reviewed the documents that properly considered all the factors required in calculating a PRS; and (3) the court considered and rejected Appellant's objection to the PRS calculation. Further argument simply would not have resulted in a different PRS calculation.

Following our review of the issues raised in counsel's **Anders** Brief, we agree with counsel that the trial court did not abuse its discretion in relying on the PRS calculation of 5 and sentencing Appellant to a term of 24 months to 7 years of incarceration. In addition, our independent review of the proceedings reveals there are no issues of arguable merit to be raised on appeal. Accordingly, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/06/2023