J-S22020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY C. SAUNDERS | : | |
| | : | |
| Appellant | : | No. 836 WDA 2023 |

Appeal from the Order Entered June 15, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002794-2016

BEFORE:    PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                          **FILED: AUGUST 2, 2024**

Timothy C. Saunders ("Saunders") appeals *pro se* from the order dismissing his "Application for Leave to File Post-Sentence Motion *Nunc Pro Tunc*" ("Application for Leave").  We quash this appeal.

As the parties and the trial court are well familiar with the underlying facts and procedural history of this matter, and they have been set forth in this Court's memorandum decisions disposing of Saunders' previous appeals, we need not review them in detail.  Instead, we briefly summarize the following.  A jury found Saunders guilty of two counts of arson, and in 2017, the trial court imposed an aggregate sentence of four to eight years' imprisonment. On direct appeal, this Court affirmed his judgment of sentence, in part, but vacated the restitution portion of his sentence.  ***See Commonwealth v. Saunders***, 185 A.3d 1101 (unpublished memorandum)

(Pa. Super. 2018), *appeal denied*, 190 A.3d 1134 (Pa. 2018). The Pennsylvania Supreme Court denied his petition for allowance of appeal.

Saunders then filed a timely Post Conviction Relief Act[1] ("PCRA") petition, which the PCRA court denied. We note that on appeal to this Court, Saunders challenged, *inter alia*, the calculation of his prior record score. This Court affirmed the denial of PCRA relief. **See Commonwealth v. Saunders**, 226 A.3d 647 (unpublished memorandum) (Pa. Super. 2020), *appeal denied*, 237 A.3d 386 (Pa. 2020).

In June 2020, Saunders filed a *pro se* "Motion for Extraordinary Relief," which challenged the discretionary aspects of his sentence. The trial court denied relief, and Saunders appealed. This Court reasoned that the type of relief sought in the motion was not cognizable under the PCRA. **See Commonwealth v. Saunders**, 299 A.3d 929 (unpublished memorandum) (Pa. Super. 2023). Instead, we held that the motion was tantamount to a post-sentence motion, the motion was untimely filed and did not toll the time to file a direct appeal, and thus Saunders' notice of appeal was similarly untimely. **See id**.; **see also** Pa.R.Crim.P. 720(A)(1) (requiring any post-sentence motion to be filed within ten days of the imposition of sentence), (3) (providing that if a defendant does not file a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the imposition of sentence).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

This Court thus quashed the appeal. *See Saunders*, 299 A.3d 929 (unpublished memorandum).

Meanwhile, in 2022, Saunders filed a *pro se* second PCRA petition, which the PCRA court dismissed as untimely filed. Saunders filed an appeal, and this Court affirmed the dismissal in May 2023. *See Commonwealth v. Saunders*, 303 A.3d 790 (unpublished memorandum) (Pa. Super. 2023).

On June 9, 2023, Saunders filed the underlying Application for Leave. Referring to his prior Motion for Extraordinary Relief, Saunders averred it was "a newly discovered fact to" him that his discretionary aspects of sentencing issue must have been raised in a post-sentence motion. Application for Leave, 6/9/23, at 2. Saunders further claimed he was unaware of errors involving his prior record score, and sought leave to file a post-sentence motion *nunc pro tunc*. The trial court denied relief on June 15, 2023, and Saunders filed a notice of appeal.[2]

Saunders raises the following issues for our review:

A. Whether the court erred, and abused [its] discretion when it opined that [Saunders] is relying on our Superior Court's non-precedential decision [in *Saunders*, 303 A.3d 790 (unpublished memorandum)], as a basis for *nunc pro tunc* relief when [Saunders'] reliance on that decision is for the sole purpose of properly titling the application, and motion that was filed on June 5, 2023?

B. Whether the court erred, and abused [its] discretion when it failed to acknowledge that [Saunders] has a rule based right

---

[2] The trial court did not direct Saunders to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

pursuant to Pa.R.Cim.P. 720(C) to present after-discovered evidence relating to the errors contained in [Saunders'] sentence, that was handed down by that court?

C. Whether the court erred, and abused [its] discretion when it failed to address [Saunders'] challenge to the discretionary aspects of his sentence when [Saunders] raised a substantial question for review, pursuant to ***Commonwealth v Johnson***, 758 A.2d 1214, 1216 (Pa. Super. 2000) (stating that, an allegation that a trial court misapplied sentencing guidelines in computing prior record score presents a substantial question[]), and ***Commonwealth v Rykard***, 55 A.3d 1177, 1192 ([Pa. Super.] 2012) (a Court is required to address claims in a petition[])?

D. Whether the court erred, and abused [its] discretion when it failed to order a hearing when [Saunders] presented a material issue of fact in accordance with ***Commonwealth v Hart***, 199 A.3d 475, 482 (Pa. Super. 2018) (stating that an evidentiary hearing is required where a petitioner presents genuine issues of material fact); ***Commonwealth v Edmiston***, 851 A.2d 883 ([Pa. 2004]); ***Commonwealth v Albrecht***, 994 A.2d 1091, 1093 ([Pa.] 2010); ***Commonwealth v Clark***, 961 A.2d 80, 85 ([Pa.] 2008)?

E. Whether the court erred, and abused [its] discretion when it failed to adhere to the Pennsylvania Rules of Criminal Procedure, specifically, Rule 720(B)(4), relating to contents of order denying post-sentence motion, where the court's order fails to state the requirements enumerated in 720(B)(4)(a)(b)(c), and (d)[]?

F. Whether the court erred, and abused [its] discretion when it opined that "[a]n appeal from the denial of any further post-sentence motions raising a discretionary aspect of sentence claim would yield the same result" as that Court is not authorized to comment on behalf of this Court?

Saunders' Brief at 6-7 (unnecessary capitalization omitted).

Preliminarily, we must review whether Saunders' Application for Leave and the notice of appeal were timely filed, which will determine whether we have jurisdiction to address Saunders' issues. The timeliness of an appeal implicates this Court's jurisdiction and presents a pure question of law. **See Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014). Our scope of review is plenary and the standard of review is *de novo*. **See id**. at 586.

In his Application for Leave, the sole relief sought by Saunders was to file a post-sentence motion *nunc pro tunc* to challenge the calculation of his prior record score. A challenge to the calculation of a prior record score goes to the discretionary aspects of sentencing. **See Commonwealth v. Shreffler**, 249 A.3d 575, 583 (Pa. Super. 2021). As discussed in our prior memorandum decision, a challenge to the discretionary aspects of sentencing is not cognizable under the PCRA. **See Saunders**, 299 A.3d 929 (unpublished memorandum at *4) (*citing* **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007)). On the other hand, "[i]f a defendant successfully pleads and proves that he was deprived of the right to file and litigate [post-sentence] motions **as a result of the ineffective assistance of counsel**," a request to reinstate post-sentence rights *nunc pro tunc* is cognizable under the PCRA. **Commonwealth v. Liston**, 977 A.2d 1089, 1094 n.9 (Pa. 2009) (emphasis added); **see also** 42 Pa.C.S.A. § 9543(a)(2)(ii) (providing that to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence, *inter alia*, that the ineffective assistance of

counsel "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place").

In denying Saunders' Application for Leave, the trial court did not refer to the PCRA. Instead, the court considered that this Court previously held Saunders' Motion for Extraordinary Relief, which challenged only the discretionary aspects of his sentence, was an untimely post-sentence motion that did not toll the time to file a direct appeal. The trial court then reasoned that any "appeal from the denial of any further post-sentence motions raising a discretionary aspect of sentence claim would yield the same result." Order, 6/15/23.

We emphasize that Saunders' present Application for Leave did not present any claim of ineffective assistance of counsel. Instead, Saunders averred, without further explanation, that "he was unaware of the errors involving his prior record score[] and supporting evidence to support such conclusion[ ] until after the time allotted for raising the issue pursuant to Rule 720(A)." Application for Leave, 6/9/22, at 2. To the extent Saunders sought relief on a claim pertaining to his prior record score, such a claim goes to the discretionary aspects of sentencing and is not cognizable under the PCRA. *See Shreffler*, 249 A.3d at 583; *see also Wrecks*, 934 A.2d at 1289.

Accordingly, the present Application for Leave suffers the same procedural impediment as his previously filed Motion for Extraordinary Relief: it is tantamount to a post-sentence motion; it was subject to the timeliness

requirements of Rule 720(A)(1); and we hold it was untimely filed. **See** Pa.R.Crim.P. 720(A)(1). This untimely filing did not toll the time for filing a direct appeal, and Saunders' present notice of appeal was thus also untimely.[3] **See** Pa.R.Crim.P. 720(A)(3). Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/2/2024

_____

[3] We reiterate that after his 2017 sentencing hearing, Saunders filed a post-sentence motion, and subsequently a direct appeal, which was reviewed on the merits by this Court. **See Saunders**, 185 A.3d 1101 (unpublished memorandum)

Additionally, we acknowledge that Saunders' Application for Leave claimed "a newly discovered fact" — that the issue in his prior Motion for Extraordinary Relief should have been raised in a post-sentence motion. Application for Leave, 6/9/22, at 2. While this phrasing may hearken the newly-discovered or after-discovered evidence provisions of the PCRA, as discussed above Saunders' claim is not cognizable under the PCRA, and thus the PCRA's provisions do not apply. **See** 42 Pa.C.S.A. §§ 9543(a)(2)(vi), 9545(b)(1)(ii).

In any event, Saunders ignores that in the appeal from the denial of his first PCRA petition, he raised a claim "that his prior record score was incorrectly calculated and thus caus[ed] a skewed set of guidelines applied by the [trial] court." **See Saunders**, 226 A.3d 647 (unpublished memorandum at *5-6 n.3) (quotation marks omitted).