J-A24044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA L. FONTANEZ | : | |
| | : | |
| Appellant | : | No. 264 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 5, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002202-2023

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: DECEMBER 31, 2025**

Maria Fontanez appeals from the judgment of sentence imposed after she pleaded guilty to one count of possession with intent to deliver a controlled sentence ("PWID").[1]  She claims the trial court applied the incorrect sentencing guidelines when it sentenced her.  Upon review, we are compelled by law to affirm.

On the night of December 7, 2021, Fontanez' neighbor, Robert Wortley, was found dead in his apartment.  Pennsylvania State Troopers arrived on the scene and discovered several pills on the coffee table in front of him, 13 white oblong tablets labeled "IP/115" and one blue round pill labeled "M/30."  They also found two cell phones, one in Wortley's hand and another on the coffee table, which had a white powdery substance on it.  The coroner conducted a

---

[1] 35 P.S. § 780-113(a)(30).

urine test which showed a positive result for oxycodone with a light detection for opiates.

The next day, the state police reviewed the texts between Wortley and Fontanez from December 5, 2021, which they found on one of Wortley's cell phones. The following conversation occurred:

**Wortley:** Hey hon did u only get 20 vs?

**Fontanez:** How many I gave u.

**Wortley:** 14. Wanted 22 and was giving u 6.

**Fontanez:** Hold on let me look in bag.

**Wortley**: ok

**Fontanez:** Omg so sorry there in the pink thing come down.

**Wortley:** I'll get them tomorrow hon if ok.

**Fontanez:** Ok lol sorry. Look [where] they were

**Wortley:** Lol. I just wanted to make sure is all cause I actually owe u $122 not $120.

**Fontanez:** Ok hun got u. [She then sends a photo containing a small pink pouch containing two white pills.]

**Wortley:** Lmao I just took 2 30's so I'm good for awhile lol

**Fontanez:** Omg be careful lol.

Wortley did not text Fontanez anymore after that. And, although Fontanez tried to text and call Wortley over the next two days, Wortley did not respond. Notably, the white pills in the photo of the pink pouch were identical to the ones found on Wortley's coffee table.

The state police then obtained a search warrant for Fontanez' apartment. There, the troopers found 2 cell phones and a pink pouch

containing two white oblong pills labeled "IP/115." This pouch with pills was identical to the photo Fontanez sent to Wortley via text. The police arrested and charged Fontanez.

On September 20, 2024, Fontanez entered an open guilty plea to one count of PWID. On February 8, 2025, the trial court sentenced her to 30 months to 10 years' incarceration. Fontanez filed a post-sentence motion, which the court denied.

Fontanez filed this timely appeal. She and the trial court complied with Appellate Rule 1925.

On appeal, Fontanez raises the following single issue for our review:

A. Did the [trial] court use the improper guideline to determine [Fontanez'] sentence?

Fontanez' Brief at 4.

Fontanez claims that the trial court applied the incorrect sentencing guidelines when it sentenced her. Specifically, she maintains that the court used the wrong prior record score ("PRS"); the court applied a PRS of 5 instead of a 2. In fact, Fontanez notes that the trial court acknowledged in its statement in lieu of a Rule 1925(a) opinion that it used the incorrect PRS. *Id.* at 6, 7. Therefore, according to Fontanez, this Court should vacate her sentence and remand to the trial court for resentencing. *Id.* at 8.

Fontanez' issue constitutes a challenge to the discretionary aspects of her sentence. A claim that the court applied an incorrect prior record score implicates the discretionary aspects of sentencing. *See Commonwealth v.*

*Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015). Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Instead, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved [the] issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Fontanez filed her appeal timely. Additionally, Fontanez preserved the issue of whether the trial court applied the correct PRS in her post-sentence motion, and the issue raises a substantial question. *See Commonwealth v. Johnson*, 758 A.2d 1214 (Pa. Super. 2000). Therefore, Fontanez satisfied the first, second, and fourth requirements under *Colon*. But, Fontanez did not include an Appellate Rule 2119(f) statement in her appellate brief, the third requirement under *Colon*. The Commonwealth

objects to this error.[2]  ***See*** Commonwealth's Brief at 4, 7.  Where the Commonwealth objects to an omission of a Rule 2119(f) statement, "the sentencing claim is waived for purposes of review."  ***See Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa. Super. 2016).  Thus, Fontanez' claim is waived.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2025

---

[2] Although we appreciate the Commonwealth's conscientiousness regarding Fontanez' compliance with the requirements for appellate review of discretionary sentencing claims, given the trial court's admission of its error, our finding of waiver here only delays resolution of this matter and increases the use of resources to resolve the claim in post-conviction proceedings.