J-E03001-23

2024 PA Super 214

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TRISTAN GLENN MYERS :
:
Appellant : No. 1120 MDA 2022

Appeal from the Judgment of Sentence Entered June 14, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001370-2021

BEFORE:  PANELLA, P.J., LAZARUS, J., STABILE, J., DUBOW, J., KUNSELMAN,
J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and KING, J.


## ORDER *PER CURIAM*

AND NOW, this 17th day of September 2024, the judgment of sentence

entered in the York County Court of Common Pleas is **AFFIRMED**.

KING, J. authors an Opinion in Support of Affirmance in which KUNSELMAN,
MURRAY, and MCLAUGHLIN, JJ. join, and in which NICHOLS, J. concurs in the
result.

STABILE, J. authors an Opinion in Support of Vacating and Remanding, in
which PANELLA, P.J., LAZARUS and DUBOW, JJ. join.


PER CURIAM

2024 PA Super 214

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TRISTAN GLENN MYERS | : | |
| Appellant | : | No. 1120 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 14, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001370-2021

BEFORE: PANELLA, P.J., LAZARUS, J., STABILE, J., DUBOW, J.,
KUNSELMAN, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and
KING, J.

OPINION IN SUPPORT OF AFFIRMANCE BY KING, J.: FILED:

**SEPTEMBER 17, 2024**

Appellant, Tristan Glenn Myers, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his bench trial convictions for persons not to possess firearms, firearms not to be carried without a license, possession of a controlled substance with the intent to deliver ("PWID"), possession of a controlled substance, possession of drug paraphernalia, public drunkenness, and distribution of a designer drug.[1] In this appeal, we are asked to decide whether inclusion of one of Appellant's prior felony drug convictions in his prior record score ("PRS") constituted impermissible "double counting" by the trial court where that same offense

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1); 6106(a)(1); 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(32); 18 Pa.C.S.A. § 5505; and 35 P.S. § 780-113(a)(36), respectively.

was also the disqualifying offense that deemed him a person not to possess a firearm. Because we see no misapplication of the law in the court's calculation of Appellant's PRS or application of the sentencing guidelines, we affirm.

The relevant facts and procedural history of this case are as follows. By criminal information filed on June 3, 2021, the Commonwealth charged Appellant with persons not to possess firearms, firearms not to be carried without a license, PWID, possession of a controlled substance, possession of drug paraphernalia and public drunkenness. The Commonwealth later amended the information to add a charge of distribution of a designer drug.[2]

On March 8, 2022, Appellant filed a pre-trial "Motion to Correct Guidelines." In it, Appellant asserted that he received discovery from the Commonwealth indicating that the standard range of the sentencing guidelines for Appellant's charge of persons not to possess firearms was 48 to 60 months' imprisonment, based on an offense gravity score ("OGS") of nine[3] and a PRS of five. (Motion to Correct Guidelines, filed 3/8/22, at 1-2). Appellant alleged that his PRS was determined using two prior drug felonies, one prior third-degree felony offense, and one prior misdemeanor. Appellant claimed that the criminal information alleged that Appellant was a person not to possess a firearm based on a prior felony drug conviction. Appellant further

---

[2] The facts giving rise to these charges are not germane to this appeal.

[3] There is no dispute in this case that the OGS for this charge is nine. **See** 204 Pa.Code § 303.15 (providing OGS of nine under Section 6105 related to persons not to possess firearms when person is "convicted of enumerated felony or drug felony (unloaded/no ammo available)").

contended that the Commonwealth could not include a prior conviction in calculation of Appellant's PRS, if that same offense was an element of the charge at issue. Appellant emphasized the Sentencing Commission's general policy against "double counting" of factors against the offender. Appellant posited that under Section 6105 (governing persons not to possess firearms), "the prior enumerated conviction that renders a defendant ineligible to possess a firearm should not count in the PRS calculation." (*Id.* at 2). In other words, Appellant maintained that one of his prior drug felony convictions could not be counted as both an element of his persons not to possess firearms charge and in Appellant's PRS. By removing from Appellant's PRS the felony drug conviction that was used as the offense rendering him ineligible to possess a firearm, Appellant insisted that his PRS was only three, and the correct standard range under the sentencing guidelines is reduced to 30 to 42 months' imprisonment. (*Id.* at 3). Thus, Appellant sought to correct the sentencing guidelines as they would apply to Appellant's persons not to possess firearms charge.[4]

The court held a hearing on Appellant's motion on April 8, 2022. At the hearing, Appellant reiterated the arguments in his Motion to Correct Guidelines. In response, the Commonwealth claimed:

When [Appellant] keeps saying double counting, double

---

[4] Appellant recognized that this type of motion typically is filed closer to sentencing, but Appellant alleged that the difference in the guideline calculation "could be the difference between [Appellant] proceeding to trial or entering into a guilty plea." (*Id.*)

counting, that doesn't mean, hey, it's an element of something I have to prove. It means, we are punishing you twice for the same thing.

We're not punishing him for being a person not to possess. We're not punishing him again for the drug crime that he was already convicted of and punished and is included in his prior record score. That's the punishment. It's included in his prior record score.

We're punishing him because he is a person not to possess and he possessed a gun…. That's not double punishment for the same thing, which is really what the issue in the sentencing and double counting and can you count something in a prior record score, that's what that issue is.

This [issue of double counting] applies to retail thefts. First one, summary; second one, misdemeanor; third one, felony. Well, you got—to get to the felony, you got to use the other two to get there. We don't have to use anything to get to the felony gradation in this case. It doesn't change the gradation. It doesn't change the punishment.

Yes, it is an element. It is something we have to prove at trial. But that's not what they mean when they're talking about double punishing somebody. It's not an increase in the punishment in any way.

(N.T. Hearing, 4/8/22, at 7-8). Following argument, the court denied relief.[5]

Appellant proceeded to a stipulated bench trial on June 14, 2022.[6]

_____

[5] In denying relief, the court relied primarily on **Commonwealth v. McSorley**, No. 1833 MDA 2018, 2019 WL 3306744 (Pa.Super. filed July 23, 2019) (unpublished memorandum). We discuss **McSorley** in detail **infra**.

[6] Appellant stipulated, *inter alia*, that "[o]n December 6, 2016, [Appellant] entered a plea of guilty to two felony counts for Delivery of Heroin. He was sentenced on February 9, 2017. As a result, [Appellant] is a person prohibited by law from possessing a firearm." (Stipulations for Non-Jury Trial, filed 6/13/22, at ¶14).

Following trial, the court convicted Appellant on all charges. The court sentenced Appellant that day to an aggregate term of 5 to 10 years' imprisonment. The next day, Appellant timely filed a post-sentence motion challenging the court's application of the sentencing guidelines.[7] The court denied relief on July 19, 2022.

Appellant timely filed a notice of appeal on August 10, 2022. On August 15, 2022, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on September 1, 2022. Although the appeal was originally listed before a three-judge panel of this Court, on June 21, 2023, this Court certified the appeal for consideration before an *en banc* panel. The parties subsequently filed substituted briefs.

Appellant raises one issue for our review:

> The sentencing court abused its discretion by including one of Appellant's felony drug convictions in his prior record score. That conviction was an element of the current offense under 18 Pa.C.S. § 6105 and was double counted for purposes of Appellant's sentencing guidelines by including it in the prior record score.

(Appellant's Substituted Brief at 4).

Appellant argues that one of his prior felony drug convictions served as

_____

[7] In his post-sentence motion, Appellant alleged that the court's misapplication of the sentencing guidelines constituted an illegal sentence. As we discuss *infra*, Appellant's issue on appeal implicates the discretionary aspects of his sentence rather than the legality of his sentence.

the disqualifying conviction that made him ineligible to possess a firearm. Appellant asserts that this prior disqualifying conviction was an element of his persons not to possess firearms offense under 18 Pa.C.S.A. § 6105. Appellant contends that the Commonwealth was required to prove this prior disqualifying conviction beyond a reasonable doubt to sustain its burden of proof to convict Appellant of persons not to possess a firearm. Appellant claims that because this prior felony drug conviction was used as the disqualifying offense for his conviction under Section 6105, the trial court erred by "double counting" this conviction when the court utilized it in Appellant's prior record score calculation.

Appellant acknowledges this Court's holding in ***Commonwealth v. Keiper***, 887 A.2d 317, 321 (Pa.Super. 2005), that a prior disqualifying conviction under Section 6105 is a "pre-condition" to the charge of persons not to possess firearms, rather than an "element" of the crime. Appellant challenges that holding, suggesting that the disqualifying conviction "is less a 'pre-condition' and more a 'status' under the law. This 'but for' structure of the statute is what makes the underlying offense an element subject to both proof at trial and double counting at sentencing, not merely a pre-condition." (Appellant's Substituted Brief at 13). Instead, Appellant relies on our Supreme Court's decision in ***Commonwealth v. Jemison***, 626 Pa. 489, 98 A.3d 1254 (2014), and an unpublished decision of this Court in ***Commonwealth v. Crumpler***, 1473 MDA 2016 (Pa.Super. filed Apr. 19,

2017) (unpublished memorandum), to support his claim that a prior disqualifying conviction is an element of the offense at issue, and that any reliance on the "pre-condition" language in **Keiper** is misplaced.[8]

Appellant also concedes that his prior disqualifying felony drug conviction does not change the grading for his persons not to possess firearms conviction. Nevertheless, Appellant suggests that "the transformation from an essential element to a pre-condition has the same effect as a gradation increase by ratcheting up a defendant's sentencing guidelines." (Appellant's Substituted Brief at 15) (internal footnote omitted). Further, Appellant posits:

> Much like the General Assembly may establish a mandatory [minimum sentence] based on a prior conviction, the General Assembly sets the elements of each of our criminal offenses. The General Assembly, therefore, sets the proof by the elements required to be proven. Whether an element gets added back into the prior record score or the element shifts a defendant's guidelines to a new (and harsher) sentencing matrix does not change the nature of what occurs: double counting of a 'thing' already included in the crime itself and counted in the offense gravity score. So, there is little reason to distinguish elements of criminal offenses as 'integral' or 'non-integral.' All elements of an offense set forth by the General Assembly are integral because a conviction may not stand without proper proof at every stage of a criminal proceedings prior to verdict.

(**Id.** at 17). Appellant suggests that the "prior conviction element of Section

---

[8] We note with disapproval Appellant's reliance on **Crumpler**, which Appellant cites to and attaches to his Substituted Brief at "Appendix E." Pursuant to our Rules of Appellate Procedure, a party may rely on only unpublished decisions of this Court filed **after** May 1, 2019 for their persuasive value. **See** Pa.R.A.P. 126(a), (b). As this Court filed its decision in **Crumpler** on April 19, 2017, we will not analyze or further discuss that case in this disposition.

6105 is 'baked into' the offense itself and included in the offense gravity score. In fairness to the defendant and to maintain legal consistency, it should be off-limits to imposing a harsher sentence through 'double counting.'" (**Id.** at 20).

Appellant submits that this Court should overrule **Keiper** and apply the **Jemison** line of cases to offenses which have prior conviction elements such as Section 6105, to prohibit double counting at sentencing of the prior offense in the defendant's prior record score. Appellant concludes that the trial court erred by double counting the prior felony drug conviction that served as the disqualifying offense for his persons not to possess conviction when calculating the sentencing guidelines in this case, and this Court must vacate and remand for resentencing. We disagree.

Appellant's issue on appeal implicates the discretionary aspects of his sentence. **See Commonwealth v. Johnson**, 758 A.2d 1214 (Pa.Super. 2000), *appeal denied*, 565 Pa. 666, 775 A.2d 803 (2001) (explaining that challenge to calculation of sentencing guidelines raises question of discretionary aspects of defendant's sentence). A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was

properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original) (internal quotation marks omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015) (internal citation

omitted).

Instantly, Appellant filed a timely notice of appeal, preserved his sentencing challenge in a timely filed post-sentence motion,[9] and included the requisite Rule 2119(f) statement in his appellate brief. Further, Appellant's claim that the court misapplied the sentencing guidelines by double counting one of his prior felony drug convictions raises a substantial question warranting our review. *See Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa.Super. 2007) (stating: "A claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question"); *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003) (explaining claim that court miscalculated PRS raises substantial question).[10] Thus, we proceed to our review of Appellant's sentencing issue.

Our well-settled standard of review concerning a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly

---

[9] Appellant also objected orally at sentencing to the court's application of the guidelines as they related to Appellant's conviction for persons not to possess firearms. (*See* N.T. Sentencing, 6/14/22, at 13).

[10] The Commonwealth agrees that Appellant's sentencing issue raises a substantial question. (*See* Commonwealth's Substituted Brief at 13).

- 10 -

unreasonable decision.

*Id.* at 1018 (internal citation omitted).

The Crimes Code defines the offense of persons not to possess firearms, in relevant part, as follows:

**§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a)      Offense defined.—**

(1)    A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence **or whose conduct meets the criteria in subsection (c)** shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\*      \*      \*

**(a.1)    Penalty.—**

(1)    Except as provided under paragraph (1.1), a person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute of any other state, who violates subsection (a) **commits a felony of the second degree**.[11]

\*      \*      \*

---

[11] Section 6105(a.1)(1.1) increases the grade of a conviction to a first-degree felony if a person convicted of a felony enumerated under subsection (b) or drug felony if (A) at the time of commission of a violation of subsection (a), the person has previously been convicted of an offense under subsection (a); or (B) at the time of the commission of a violation of subsection (a), the person was in physical possession of control of a firearm, whether visible, concealed about the person or within the person's reach.  18 Pa.C.S.A. § 6105(a.1)(1.1).

**(c)** **Other persons.—**In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

\* \* \*

(2) **A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act**, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

18 Pa.C.S.A. § 6105(a)(1), (a.1)(1), (c)(2) (emphasis added).

Where a criminal defendant is convicted of a felony and/or a misdemeanor, trial courts are obligated to consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing. *See* 42 Pa.C.S.A. § 9721(b); 204 Pa.Code 303.1(a). "[W]hen fashioning a sentence, a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines." *Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa.Super. 2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000). "To determine the guideline sentence for each conviction, the trial court must establish the [OGS] and…the defendant's [PRS]." *Commonwealth v. Spenny*, 128 A.3d 234, 242 (Pa.Super. 2015).

The prior record score is based on the number and type of prior convictions the defendant has on his or her criminal record. 204 Pa.Code § 303.4(a). Each prior conviction is given a point value ranging between one and four points. *See generally* 204 Pa.Code §§ 303.7, 303.15. Sections 303.7 and 303.15 set forth the point value for every Pennsylvania criminal offense, but generally speaking (with some exceptions not relevant here), first-degree felony

("F1") convictions are either three-or four-point offenses, F2 convictions are two-point offenses and F3 convictions are one-point offenses.  ***See id.***

***Id.***  Prior convictions are calculated in a defendant's PRS as follows:

### § 303.5.  Prior Record Score—prior convictions.

(a)        If there is a single offense in the prior judicial proceeding, that offense shall be counted in the calculation of the Prior Record Score.

(b)        If there are multiple offenses in the prior judicial proceeding:

   (1)    The most serious offense of the judicial proceeding shall be counted in the calculation of the Prior Record Score.

   (2)    Any offense for which a sentence of supervision or confinement is imposed consecutive to a sentence for another offense in the judicial proceeding shall be counted in the calculation of the Prior Record Score.

204 Pa.Code § 303.5(a)-(b).[12]

---

[12] In addition to Appellant's stipulations regarding his prior felony drug convictions, we take judicial notice of the docket relevant to these convictions. Our review of the relevant docket entries shows that Appellant entered a negotiated guilty plea on December 6, 2016, at docket No. CP-67-CR-0001456-2016, to two counts of PWID.  The court sentenced Appellant on this docket on February 9, 2017, to 9 to 23 months' imprisonment for one of the PWID convictions and imposed a consecutive term of two years' probation for the other PWID conviction.  ***See Commonwealth v. Haley***, Nos. 653 EDA 2023, 515 EDA 2023 (Pa.Super. filed Feb. 29, 2024) (unpublished memorandum) (explaining that this Court may take judicial notice of other proceedings involving same parties).  ***See also*** Pa.R.A.P. 126(b).  Because the court imposed consecutive sentences for Appellant's prior PWID convictions in the prior judicial proceeding, Section 303.5(b) authorized the trial court in the instant case to utilize both of Appellant's prior PWID convictions in calculation of Appellant's PRS.  ***See*** 204 Pa.Code § 303.5(b).

Further, certain offenses and convictions are excluded from calculation of a defendant's PRS, as follows:

### § 303.8. Prior Record Score—miscellaneous.

\* \* \*

(g) *Excluded offenses, charges and convictions.* The following types of offenses, charges and convictions shall not be scored in the Prior Record Score:

(1) Summary offenses, violations of local ordinances, direct or indirect contempt of court, violation of protection from abuse orders, and dispositions under Pa.R.Crim.P. Rules 300-320 (relating to accelerated rehabilitative disposition), 35 P.S. § 780-117 (relating to probation without verdict) or 35 P.S. § 780-118 (relating to disposition in lieu of trial or criminal punishment).

(2) A charge which is nolle prossed, dismissed, or on which a demurrer is sustained.

(3) **Any prior conviction which contributed to an increase in the grade of a subsequent conviction, except for prior Driving Under the Influence of Alcohol or Controlled Substance [("DUI")] convictions**.

204 Pa.Code § 303.8(g) (emphasis added).

The Commentary to Section 303.8(g) provides, in relevant part:

Exclusion of prior convictions that are used to elevate the statutory grading of an offense reflects the Commission's general policy against the "double counting" of factors against the offender. For a few offenses, such as retail theft, certain prior convictions may increase the grade of a subsequent offense. Because both the OGS and the PRS reflect to some degree the grade of offenses, and an increase in the grade of a current or previous offense will generally increase the sentence recommendation, the offenses which contribute to an increase in the grade of a subsequent offense should not be counted again. Under

earlier versions of the guidelines, previous offenses were only excluded when the current offense was affected; the policy was changed under the 5th Edition and retained under the 6th, 6th Revised, and 7th Edition to extend this policy so that any previous conviction that increases the grade of an offense, either a current or previous offense, would be excluded from calculation of the PRS. This change removed the "double counting" of a conviction, which was the premise of the original policy. This policy focuses on increases in the grade rather than the maximum sentence.

The exception to this policy is a second or subsequent conviction for DUI, since the grading of the offense is linked to the number of prior convictions within the ten-year look-back period as well as the BAC or nature of the current offense. All prior lifetime DUI convictions are considered in the calculation of the PRS.

Sentencing Guidelines Implementation Manual, Commentary at 156 (7th ed. 2012). *See also id.*, Description at 155 (stating "Any prior convictions in excess of that necessary to elevate the grade of a subsequent offense are counted in the PRS").

In **Keiper, supra**, the appellant pled guilty to one count of persons not to possess firearms, a second-degree felony. According to the appellant's pre-sentence investigation ("PSI") report, his PRS was three, based on a prior burglary conviction. The appellant challenged calculation of his PRS, arguing that his PRS should have been zero. The appellant claimed that the burglary offense was already used as an element of his current guilty plea to persons not to possess firearms as the disqualifying offense which had made him ineligible to possess a firearm. The trial court rejected this argument and sentenced the appellant using the PRS of three.

On appeal, this Court held that the appellant's prior burglary conviction was merely a "pre-condition" to charging the appellant with a violation of Section 6105, and not an "element" of the offense. ***See id.*** at 321. This Court stated that "[t]his pre-condition is not part of the illegal conduct in which [the appellant] participated, owning three rifles in violation of [S]ection 6105." ***Id.***. Thus, this Court rejected the appellant's argument that his burglary conviction was included as an element of [S]ection 6105 "because that pre-condition is not part of the conduct which led to the charges." ***Id.***

The appellant further complained that the trial court violated the guidelines when it counted his prior burglary conviction in his PRS, because under Section 303.8(g),[13] the burglary conviction effectively changed the grading of his persons not to possess firearms offense "because it elevated the action from being legal to being a felony." ***Id.*** This Court rejected the appellant's argument, reasoning as follows:

> The Sentencing Commission explained the intention of [S]ection 303.8(g)(2) as follows:
>
> > **Exclusion of prior convictions that are used to elevate the statutory grading of an offense reflects the Commission's general policy against the "double counting" of factors against the defendant.** For a few offenses, such as retail theft

---

[13] The relevant version of Section 303.8(g) at issue in ***Keiper*** stated that "[a]ny prior conviction which contributed to an increase in the grade of a subsequent conviction shall not be used in computing the Prior Record Score." ***Id.*** (citing former 204 Pa.Code § 303.8(g)(2)). The language of Section 303.8(g)(2) relevant in ***Keiper*** is substantially similar to the current version of Section 303.8(g)(3).

and DUI, certain prior convictions may increase the grade of a subsequent offense. Because both the Offense Gravity Score and the Prior Record Score reflect to some degree the grade of offenses, and an increase in the grade of a current or previous offense will generally increase the sentence recommendation, **the offenses which contribute to an increase in the grade of a subsequent offense should not be counted again**.

Sentencing Guidelines Implementation Manual at 144 (5ᵗʰ ed. 1997).

The rationale for [S]ection 303.8(g)(2) indicates that no factor, including prior convictions, should be counted twice when determining a prior record score. **However, a plain reading of the language of section 303.8(g)(2) demonstrates that this section prevents the inflation of a prior record score in cases where "the statutory definitions of the crimes provide for the grading of the crimes (*i.e.*, misdemeanor of the first or second degree, or felony of the first, second, or third degree) based on whether prior offenses have been committed."** Clearly, in these types of circumstances, a defendant's prior conviction would be double counting and would place a defendant in an unfair situation. Here, unlike the offenses listed by the Sentencing Commission, the prior burglary conviction does not change the grading of the present offense. No increase of gradation of the offense for any prior convictions is apparent. As stated above, the prior burglary conviction is merely a precondition to a violation of [S]ection 6105. Therefore, the trial court only counted the prior burglary conviction once. Hence, [the appellant's] second argument is without merit.

*Id.* (internal citation omitted) (emphasis added). Consequently, the ***Keiper***

Court concluded that the trial court did not abuse its discretion in using a PRS

of three when calculating the appellant's sentence, and this Court affirmed the

judgment of sentence. ***Id.*** at 322.

In **Jemison, supra**, our Supreme Court considered whether the prosecution is required to accept a defendant's offer to stipulate to the fact of a prior conviction when the prior conviction served as the disqualifying offense for the current offense charged.  Specifically, at the appellant's jury trial for a charge of persons not to possess firearms, the Commonwealth sought to introduce evidence of the appellant's prior robbery conviction, which made him ineligible to possess a firearm.  The appellant sought to stipulate only that he had been convicted of one of the enumerated offenses that made him ineligible to possess a firearm, without stating that the specific offense was robbery.  Ultimately, the trial court permitted the Commonwealth to introduce into evidence the appellant's certified prior conviction of robbery.  This Court affirmed the judgment of sentence, and our Supreme Court granted allowance of appeal.

On appeal, our High Court reasoned:

> Our General Assembly took considerable care to delineate the specific offenses that can support a conviction of the crime of persons not to possess firearms under § 6105, and there is no question that the relevant specific enumerated offense is an essential element of that crime. … Thus, under [Section] 6105, one element of persons not to possess firearms is a prior conviction of a specific, enumerated offense, and this fact strongly supports the Commonwealth's view…that the prosecution should not be required to accept a stipulation which acknowledges that a prior conviction satisfies the element, but does not name or identify the specific prior offense.

**Jemison, supra** at 501, 98 A.3d at 1261.  Further, the Court stated that a defendant does not suffer unfair prejudice "merely by the admission into

evidence of his or her certified conviction of a specific, identified, predicate offense, which has been offered by the Commonwealth to prove the prior conviction element of § 6105." *Id.* at 503, 98 A.3d at 1262. Accordingly, the Court affirmed the appellant's judgment of sentence.

In *McSorley, supra*, this Court confronted the interplay between *Keiper* and *Jemison*. In that case, a jury convicted the appellant of persons not to possess firearms, finding that the appellant's prior conviction for escape precluded him from possessing a gun. On appeal, the appellant challenged the calculation of his PRS, alleging "the trial court abused its discretion by double counting his prior conviction both as an element of the underlying offense and in the PRS calculation." *McSorley, supra* at *2. This Court rejected the appellant's argument, explaining:

> The plain language of section 303.8(g)(2) of the Sentencing Code only prohibits inclusion of a prior conviction in the PRS when the prior conviction changes the grading of the current offense, *i.e.*, from misdemeanor to felony, third-degree felony to second-degree felony, etc. *See Keiper*, 887 A.2d at 321.
>
> **McSorley's reliance on *Jemison* is misguided because *Jemison* did not address sentencing**. *Compare* Appellant's Brief, at 12 (arguing *Jemison* overturned *Keiper* sub silentio by categorizing prior conviction as an element of persons not to possess) *with Jemison*, 98 A.3d at 1262 (holding defendant did not suffer unfair prejudice by admission into evidence of certified conviction to prove prior conviction element of persons not to possess). **As McSorley's prior conviction did not change the grade of his current offense, we find that the trial court did not abuse its discretion by including his prior conviction for escape in calculating his PRS**. *See id.* Consequently, both his first and third claims fail.

- 19 -

*McSorley, supra* (emphasis added).

Instantly, the parties dispute whether Appellant's prior felony drug conviction that made him ineligible to possess a firearm constitutes an "element" or a "mere pre-condition" of his Section 6105 offense. Nevertheless, we do not need to resolve this dispute to reach our disposition today. This is so because even if Appellant's prior felony drug conviction constitutes a material element of his Section 6105 charge, the trial court was not precluded from including it in Appellant's PRS because it did not elevate the grading of his persons not to possess firearms offense. *See* 204 Pa.Code § 303.8(g)(3). Indeed, the parties agree that Appellant's persons not to possess firearms offense remains a second-degree felony regardless of inclusion of this prior felony drug conviction in Appellant's PRS. The grading of Appellant's current offense is based on which type of prohibited conduct an individual engages. *See* 18 Pa.C.S.A. § 6105(a.1). Appellant's prior felony drug conviction does not increase the grading of his current persons not to possess offense. ***See, e.g., Commonwealth v. Patterson***, No. 1773 EDA 2022, 2023 WL 5543616 (Pa.Super. filed Aug. 29, 2023) (unpublished memorandum), *appeal denied*, 2024 WL 1428590 (Pa. filed Apr. 3, 2024) (holding that even if appellant's prior conviction was material element of Section 6105 violation, trial court was not precluded from including it in his PRS because it did not increase grading of current offense). ***See also McSorley, supra***.

As the **Keiper** Court recognized, "[e]xclusion of prior convictions that are used to elevate the statutory grading of an offense reflects the Commission's general policy against the 'double counting' of factors against the defendant. … The offenses which contribute to an increase in the grade of a subsequent offense should not be counted again." **Keiper, supra** at 321. **See also** Sentencing Guidelines Implementation Manual at 155-56 (7th ed. 2012) (providing similar commentary for Section 303.8(g)). Thus, the Sentencing Commission expressly provided for certain offenses to be excluded from calculation of a defendant's PRS, including those which increase the grading of the current offense. **See** 204 Pa.Code § 303.8(g).

If the Sentencing Commission had intended for a prior conviction that served as a disqualifying or predicate offense for a crime to be excluded from calculation of the PRS, then the Sentencing Commission could have expressly provided this exclusion; it did not. **Compare** 204 Pa.Code § 303.10(a)(1), (a)(3)(ix) (providing that when court determines that offender possessed deadly weapon during commission of current conviction offense, court shall consider deadly weapon enhancement ("DWE") matrix; **there shall be no DWE for any offense for which possession of deadly weapon is element of statutory definition**); **Commonwealth v. Devries**, 112 A.3d 663 (Pa.Super. 2015) (vacating and remanding for resentencing where trial court subjected defendant to DWE for defendant's escape conviction; Section 303.10(a)(3)(ix) forbids application of DWE to any crime of which possession

- 21 -

of deadly weapon is element; because appellant's possession of deadly weapon was element of her escape conviction, trial court erred). Unlike the exclusion expressly provided for in Section 303.10(a)(3)(ix), Section 303.8(g) does not exclude from the calculation of a defendant's prior record score a conviction that served as the predicate or disqualifying offense for the current conviction.

Therefore, we hold that the trial court did not misapply the law in computing Appellant's PRS and relying on the sentencing guidelines based on Appellant's PRS of five when fashioning Appellant's sentence. *See Anderson, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judge Kunselman, Judge Murray and Judge McLaughlin join this Opinion.

Judge Nichols concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/17/2024